# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| LAKEYSHA ISAAC, | * | |
| | * | |
| Petitioner, | * | No. 08-601V |
| | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: June 20, 2014 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs; award |
| AND HUMAN SERVICES, | * | in the amount to which |
| | * | respondent does not object. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

<u>Renee J. Gentry</u>, Shoemaker and Associates, Vienna, VA, for petitioner.
<u>Lisa A. Watts</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## **UNPUBLISHED DECISION ON FEES AND COSTS**[1]

     Respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter on June 17, 2014. Previously, petitioner filed a motion for attorneys' fees and costs on June 11, 2014. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended her application to request a total of $143,632.59, an amount to which respondent does not object. The Court awards this amount.

### **Procedural History**

     On August 26, 2008, represented by Mr. Ronald Homer, Lakeysha Isaac filed a petition. The petition alleged Ms. Isaac suffered Guillain-Barré Syndrome ("GBS") as a result of the tetanus-diphtheria ("Td") vaccine she received on September 13, 2005. Entitlement Decision, 2012 WL 3609993, *1. Respondent

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

filed a Vaccine Rule 4(c) report on February 11, 2009, opposing compensation and requesting the petition to be dismissed.  Id.  The presiding special master held a hearing on July 27, 2010.  Id.  A decision, filed July 30, 2012, found that petitioner was not entitled to compensation and dismissed her petition because she was unable to demonstrate causation under prongs one and two of Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).  Id. at *23, *29.

Ms. Isaac filed a motion for review of the July 27, 2010 decision.  Mr. Clifford Shoemaker and Ms. Renee Gentry represented Ms. Isaac.  108 Fed. Cl. 743, 745 (Fed. Cl. 2013).  The Court of Federal Claims found that the decision was not arbitrary or capricious.  Id. at 779.  Thus, the Court denied the motion for review.  Id.

Ms. Isaac appealed the judgment to the Federal Circuit, which docketed its case as number 2013-5075.  Ms. Isaac filed a brief prepared by Ms. Gentry and Mr. Shoemaker.  Oral arguments were held on November 7, 2013, during which Mr. Shoemaker argued for Ms. Isaac.  Recording of oral argument, available at http://www.cafc.uscourts.gov/oral-argument-recordings/2013-5075/all.

On November 8, 2013, the Federal Circuit issued a per curiam opinion affirming the judgment of the Court of Federal Claims.  540 Fed. Appx. 999 (Fed. Cir. 2013).

On June 11, 2014, Ms. Isaac filed the pending motion for attorneys' fees and costs.  Ms. Isaac sought a total of $72,028.12 in attorneys' fees and $85,917.01 in costs.[1]  The attorneys' fees and costs can be divided into the following:

| Summary of Requested Attorneys' Fees and Costs | | |
|---|---|---|
| **Phase** | **Fees** | **Costs** |
| Office of Special Masters | $60,016.10 | $18,960.94 |
| Motion for Review | $27,684.62 | $516.00 |
| Federal Circuit | $42,635.00 | $5,611.43 |
| Final Fees | $1,708.50 | $812.54[2] |
| **Total Requested Fees & Costs:** | **$132,044.22** | **$25,900.91** |

---

[1] Mr. Shoemaker and Ms. Gentry characterized Mr. Homer's fees as costs.  The undersigned treats Mr. Homer's fees as fees in the table.

[2] The costs primarily concern printing and photocopying.  Although no specific date was given, these costs were presumably incurred during the stages of appellate briefing.

## Analysis

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Here, counsel for petitioner gathered and filed medical records, engaged in status conferences, obtained an expert report, prepared and participated in a hearing, attempted settlement negotiations, filed a motion for review and participated in oral arguments at the Federal Circuit. Thus, because petitioner's counsel acted in good faith and because there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs. Respondent does not contend that petitioner failed to satisfy these criteria.

After discussions with the Secretary, petitioner seeks a total of **$143,382.59** in attorneys' fees and costs for her counsel. Additionally, in compliance with General Order No. 9, petitioner states that she incurred **$250.00** in out-of-pocket litigation expenses while pursuing this claim. Respondent has no objection to the reduced amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

a. **A lump sum of $143,382.59 in the form of a check made payable to petitioner and petitioner's attorney, Renee J. Gentry, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

b. **A lump sum of $250.00, payable to petitioner, Lakeysha Isaac, for costs she incurred in pursuit of her petition.**

The Court thanks the parties for their cooperative efforts in resolving this matter. The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master